**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0273n.06

No. 18-5712

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KELLY MCLAUGHLIN and JANET RANIERO, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| FIFTH THIRD BANK, INC., | ) | COURT FOR THE  EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) | |
| | ) | |

**FILED**
May 24, 2019
DEBORAH S. HUNT, Clerk

BEFORE:     BOGGS, BATCHELDER, and STRANCH, Circuit Judges.

**BOGGS, Circuit Judge**.  Like many banks, Appellee Fifth Third Bank, Inc. has a "dual-control policy" to govern entry to its cash vaults.  To open a cash vault, two different employees must turn two different keys; both must remain present during the transaction; and then both must sign a log book to record their participation.  In January 2013, Fifth Third learned that employees at its busy Newport, Kentucky location were habitually violating this policy.  Fifth Third opened an internal investigation and reviewed security video to identify any possibly offending employees.  Appellants Kelly McLaughlin and Janet Raniero were two of the employees seen on the security video, and both admitted to investigators that they had violated bank policy.

Fifth Third fired McLaughlin, Raniero, and another female employee for violating of the dual-control policy.  McLaughlin and Raniero claim that three male employees—Randall Dreyer, Blake Hoover, and Joseph Durrett—also violated the dual-control policy but were not fired by Fifth Third and instead received performance counseling.  Two of the three male employees were

not seen on video violating the policy and did not admit to violating the policy. The third, Dreyer, was seen on video and admitted to violating the dual-control policy, but Fifth Third did not fire him due to "mitigating circumstances," namely that a superior had bullied him into the violation, he complained about being forced to do it, and he refused to do it again when asked by McLaughlin, who was not his superior and described him as a "by-the-book guy." McLaughlin and Raniero argue that Fifth Third should have either fired the men as it did the women or ordered the women to receive performance counseling as it did the men and that failure to treat men and women equally shows that Fifth Third was using the dual-control policy violations as a pretext for engaging in sex discrimination.

McLaughlin and Raniero sued Fifth Third for sex discrimination under Title VII of the Civil Rights Act of 1964, and Raniero also brought a claim for age discrimination under the Age Discrimination in Employment Act. The district court granted Fifth Third's summary-judgment motion and plaintiffs appealed. For the reasons set forth below, we affirm.

## I. Standard of Review

On appeal, entry of summary judgment is reviewed de novo. *Simpson v. Ernst & Young*, 100 F.3d 436, 440 (6th Cir. 1996). Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the movant meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). All evidence must be considered in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To establish a Title VII employment-discrimination claim, a party must "present direct evidence of discrimination or introduce circumstantial evidence that would allow an inference of

discriminatory treatment." *Carter v. Univ. of Toledo*, 349 F.3d 269, 272 (6th Cir. 2003). McLaughlin's and Raniero's claims are based on circumstantial evidence and as such must be evaluated under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *McDonnell Douglas* requires that McLaughlin and Raniero present a prima facie case of discrimination, which creates a rebuttable presumption that discrimination occurred and shifts the burden to Fifth Third to articulate a legitimate non-discriminatory reason for taking the challenged employment action. The district court held that there was no genuine issue of material fact that violation of Fifth Third's cash-vault dual-control policy was a legitimate non-discriminatory reason for Fifth Third to fire McLaughlin and Raniero. With Fifth Third satisfying its burden, McLaughlin and Raniero must prove that proffered reason was actually a pretext to hide unlawful activity. *Carter*, 349 F.3d at 273.

## II.

There are three ways to show pretext: 1) the proffered reason had no basis in fact; 2) the proffered reason did not actually motivate the employer's actions; or 3) the proffered reason was insufficient to motivate the employer's action. *Chen v. Dow Chem. Co*., 580 F.3d 394, 400 (6th Cir. 2009).

> To carry her burden in opposing summary judgment, [plaintiff] must produce sufficient evidence from which a jury could reasonably reject [defendant's] explanation of why it fired her…When an employer *reasonably and honestly relies* on particularized facts in making an employment decision, it is entitled to summary judgment on pretext even if its conclusion is later shown to be mistaken, foolish, trivial, or baseless.

*Chen,* 580 F.3d at 400-01 (emphasis added). Under the "honest-belief" doctrine, a pretext determination does not hinge on whether policy violations occurred, but whether Fifth Third reasonably and honestly believed in its nondiscriminatory reason for treating women differently than similarly-situated men. "[T]he key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action." *Smith v. Chrysler*

*Corp*., 155 F.3d 799, 807 (6th Cir. 1998). The employee "must allege more than a dispute over the facts upon which his discharge was based." *Braithwaite v. Timken Co*., 258 F.3d 488, 494 (6th Cir. 2001). An employee can overcome the honest-belief doctrine

> [w]hen the employee is able to produce sufficient evidence to establish that the employer failed to make a reasonably informed and considered decision before taking its adverse employment action, thereby making its decisional process 'unworthy of credence,' then any reliance placed by the employer in such a process cannot be said to be honestly held.

*Wright v. Murray Guard, Inc*., 455 F.3d 702, 708 (6th Cir. 2006) (citation omitted).

On appeal, McLaughlin and Raniero argue that the three male employees violated the dual-control policy, citing witness interviews, affidavits, and depositions. [Appellant Brief at 7-16] This fact-intensive argument does not change the reality that at the time Fifth Third made its decision, it had seen the appellants on video violating the dual-control policy and the women had admitted to violating the policy. Two of the men were not seen on video and did not admit to violating the policy. McLaughlin, in her interview, identified the third man, Dreyer, as a "by-the-book guy" who complained that a superior bullied him into violating the policy. McLaughlin and Raniero cite six interviews in which employees told investigators that this was a "very busy branch" where violations "happened all the time" and "just became normal behavior." [Appellant Brief at 6-9] One employee specifically stated that Hoover and Durrett, two of the male employees that McLaughlin and Raniero identify, knew this was going on. [Appellant Brief at 9] The same interviewee saw one of the men take someone else's key to the cash vault.

Fifth Third conducted an extensive internal investigation, which included employee interviews and review of two months of cash-vault security-video. In contrast to the three women, two of the three male employees were not seen on video violating bank policy and did not admit to violating the policy. The third male did violate the policy once, but under "mitigating circumstances." The district court found no evidence upon which a jury could find Fifth Third's

belief that Dreyer was bullied was simply pretext for unlawful discrimination, as there was no evidence to the contrary and one of the plaintiffs, McLaughlin, was the individual who first had brought the "mitigating circumstances" to Fifth Third's attention. Fifth Third had an "honest belief" that the factual differences between the women and the two men who were not seen on video and did not admit to violating the dual-control policy and Dreyer, who did violate the policy under non-pretextual mitigating circumstances, justified their disciplinary decisions. Because there are no disputes of material fact as to Fifth Third's "honest belief," the district court's grant of summary judgment was proper.

Raniero's age-discrimination claim is also subject to the *McDonnell Douglas* framework. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). Since Raniero failed to show that Fifth Third's nondiscriminatory reason for firing her was a pretext, Raniero's age-discrimination claim fails for the same reason.

For the reasons set forth above, we AFFIRM.